IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLETTE D. KIPPS,                                6:12-cv-00043-MA

              Plaintiff,                  OPINION AND ORDER

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

            Defendant.

PHIL BROCKETT
P.O. Box 96
Bend, Oregon 97709-0096

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

JEFFREY R. MCCLAIN
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-2113

    Attorneys for Defendant

MARSH, Judge

Plaintiff, Colette D. Kipps, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act) and Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. 42 U.S.C. §§ 401-434, 1381-1383f. This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth below, I REVERSE the final decision of the Commissioner and REMAND for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND

On October 23, 2008, plaintiff protectively filed applications for DIB and SSI, alleging disability due to arthritis and mental impairments. Tr. 170. The Commissioner denied plaintiff's applications initially and upon rehearing. A hearing before an Administrative Law Judge (ALJ) was held on May 4, 2011. At the hearing, plaintiff testified and was represented by counsel. Additionally, Vocational Expert (VE) Lynn Jones was present throughout the hearing and testified.

On July 11, 2011, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Plaintiff filed a request for review to the Appeals Council. Plaintiff submitted additional evidence for the Council's consideration. The Appeals

Council considered the evidence but determined that it did not provide a basis for changing the ALJ's decision, and accordingly denied review.   Plaintiff timely filed a petition for review in this court.

### FACTUAL BACKGROUND

Born on December 1, 1959, plaintiff was 48 years old on the alleged onset date of disability and 51 years old on the date of the hearing.  Tr. 188.  Plaintiff has a high school diploma and past relevant work as a survey worker, retail clerk, auto detailer/cleaner II, housekeeper, janitor, and farm worker.  Tr. 30, 174.  Plaintiff alleges her various disabilities became disabling on June 15, 2008.

### THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).   Each step is potentially dispositive.  The claimant bears the burden of proof at Steps One through Four.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national economy that the claimant can perform.  See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ determined that plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 15, 2008.    See 20 C.F.R. §§ 404.1520(a)(4)(1), (b), 416.920(a)(4)(i), (b); Tr. 20.

At Step Two, the ALJ determined that plaintiff's degenerative disc disease of the cervical and lumbar spine, history of fractures in her feet bilaterally, history of left distal radius fracture, and generalized osteoarthritis were severe impairments.    See 20 C.F.R. §§ 404.1520 (c), 416.920 (c); Tr. 20.

At Step Three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled any listed impairment.    See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; Tr. 22.

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).  Tr. 22.

At Step Four, the ALJ determined that plaintiff was capable of performing past relevant work as a survey worker, retail clerk, and housekeeper.  See 20 C.F.R. §§ 404.1565, 416.965; Tr. 30.

Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act.

///

///

///

**ISSUE ON REVIEW**

Plaintiff's only assignment of error is that the opinions submitted by one of her treating physicians to the Appeals Council require the ALJ to include her fibromyalgia at Step Two and consider it in the remaining steps of the sequential analysis. The Commissioner contends that remand is unnecessary because substantial evidence supports the ALJ's determination even when the opinions submitted to the Appeals Council are considered.

**STANDARD OF REVIEW**

The court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for

that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

**DISCUSSION**

I.    **Plaintiff's Fibromyalgia Limitations at Step Two**

The claimant bears the burden of proving that he has a severe medically determinable impairment at Step Two. See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996). Step Two is a *de minimis* screening device to dispose of groundless claims. Id. at 1290. Once the ALJ has found an impairment medically determinable it must be considered in the rest of the sequential evaluation. See 20 C.F.R. 416.945(a)(2). Where the ALJ fails to list a medically determinable impairment at Step Two, but nonetheless considers the limitations posed by the impairment in the RFC, any error at Step Two is harmless. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ did not list fibromyalgia as a medically determinable impairment at Step Two because it had not been diagnosed at the time of the hearing. Tr. 23-24. On September 20, 2011, two months after the ALJ's adverse decision and five months after the hearing, plaintiff submitted evidence to the Appeals Council that included a diagnosis of fibromyalgia from Dr. Martin Smart, M.D. Tr. 554-69.

The additional evidence consisted of plaintiff's Oregon Medical Marijuana Program Registry Identification Card, pharmacy

records from Rite Aid pharmacy, and two opinions dated September 19, 2011 from Dr. Smart, a treating physician. Tr. 540-69. The opinions consisted of an Arthritis Impairment Questionnaire and a Fibromyalgia Impairment Questionnaire. Tr. 552-69. In the Fibromyalgia Impairment Questionnaire, Dr. Smart acknowledged that he first treated plaintiff on April 15, 2009, but nonetheless stated that her fibromyalgia symptoms date back to January of 2008.[1] Tr. 564, 569. In the opinion, Dr. Smart checked a box that plaintiff met the American Rheumatological criteria for fibromyalgia. Tr. 564. Dr. Smart opined that plaintiff's fibromyalgia causes her fatigue and pain in the neck, thighs, hips, lumbar spine, and cervical spine. Tr. 565. Dr. Smart stated that his findings are supported by x-rays of the cervical and lumbar spine. Tr. 565.

As to plaintiff's functional limitations, in the September 2011 opinions Dr. Smart indicated he thought plaintiff would only be able to sit for one to two hours during a normal workday with frequent breaks, and stand or walk for two to three hours, but only for fifteen minutes at a time. Tr. 567. Dr. Smart further stated that plaintiff could lift zero to five pounds, and carry five to ten pounds, occasionally. Dr. Smart opined that plaintiff was incapable of even low stress jobs due to her mental limitations.

---

[1] I note that Dr. Smart's treatment notes do not appear to mention fibromyalgia until August 2, 2010. Tr. 525.

Tr. 567-68. Finally, Dr. Smart concluded that plaintiff would miss work more than three times per month due to her functional limitations. Tr. 568. The Appeals Council determined that the additional evidence did not provide a basis for changing the ALJ's decision and denied review.

When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1231 (9th Cir. 2011). This court must consider the record as a whole, including the evidence submitted for the first time to the Appeals Council, in determining whether the ALJ's decision is supported by substantial evidence. Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1162-63 (9th Cir. 2012).

Plaintiff argues that the ALJ's decision is no longer supported by substantial evidence in light of her fibromyalgia diagnosis. The Commissioner contends that remand is unnecessary, as the ALJ's decision remains supported by substantial evidence because he considered substantially equivalent symptoms and alleged limitations as those supporting plaintiff's fibromyalgia diagnosis in the RFC. In his decision, the ALJ considered and rejected Dr. Smart's earlier opinions because they were inconsistent with prior objective evidence, and relied extensively upon plaintiff's subjective complaints. Tr. 27. Notably, plaintiff does not object to the ALJ's rejection of Dr. Smart's earlier opinions.

The ALJ made an adverse credibility determination to which plaintiff also does not object. Tr. 29. The ALJ rejected plaintiff's testimony because there was a significant secondary gain component to plaintiff's reporting, several medical professionals expressed doubts about the accuracy of plaintiff's reporting, plaintiff's hobbies and activities of daily living were inconsistent with at least some of her alleged symptoms, and plaintiff's reason for leaving the physically demanding job that immediately preceded her alleged onset date of disability was unrelated to any physical or mental limitations. Tr. 29.

I conclude, albeit reluctantly, that the ALJ's Step Two findings are not supported by substantial evidence in light of Dr. Smart's September 19, 2011 opinions. Dr. Smart's opinion that plaintiff meets the American Rheumatological criteria for fibromyalgia is enough to satisfy the de minimis level necessary at Step Two. See Smolen, 80 F.3d at 1290.

While I acknowledge there seems to be some overlap in the ALJ's discussion of plaintiff's osteoarthritis and fibromyalgia symptoms as described by Dr. Smart, they are not identical. Compare Tr. 554-61 with Tr. 564-69. Nor is it possible for this court to determine from the record whether the pain associated with plaintiff's generalized osteoarthritis is the same as the pain associated with her fibromyalgia, even when located in the same parts of the body. Therefore, it is not clear that the ALJ

considered the limitations associated with plaintiff's fibromyalgia in the RFC.[2]  See Lewis, 498 F.3d at 911.  Even if by no fault of the ALJ, in light of Dr. Smart's new opinion indicating increased physical limitations and a new diagnosis, I conclude that the ALJ's Step Two finding is not supported by substantial evidence.

## II.  Remand

On remand, the ALJ shall consider the evidence submitted to the Appeals Council and issue a new decision.  The ALJ shall incorporate plaintiff's medically determinable fibromyalgia into the sequential analysis at Step Two.  The ALJ shall then consider what impact, if any, the evidence and opinions submitted to the Appeals Council have on the remaining steps of the sequential evaluation.  If the ALJ chooses to discredit the evidence and opinions, he must provide legally sufficient reasons for doing so.

///

///

///

///

///

///

_____

[2] It is most unfortunate that the ALJ did not have the benefit of Dr. Smart's opinions in the first instance; Dr. Smart's opinions do not appear to be based on any new objective testing or records that could not have been submitted to the ALJ prior to the decision.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED, and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this _20_ day of December, 2012.

Malcolm F. Marsh
United States District Judge