IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COLETTE D. KIPPS, | 6:12-cv-00043-MA |
| Plaintiff, | ORDER ON EAJA ATTORNEY'S FEES |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

MARSH, Judge

In this proceeding, plaintiff seeks an award of attorney's fees in the amount of $5,004.80 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was not substantially justified, plaintiff's application for fees is granted.

## BACKGROUND

On October 23, 2008, plaintiff protectively filed applications for DIB and SSI, alleging disability due to arthritis and mental impairments beginning June 15, 2008. On July 11, 2011, an Administrative Law Judge (ALJ) issued a decision finding plaintiff

1 - ORDER ON EAJA ATTORNEY'S FEES

not disabled within the meaning of the Act. As relevant here, the ALJ found that plaintiff's fibromyalgia was not a medically determinable impairment at Step Two. On September 20, 2011, plaintiff submitted two new medical opinions to the Appeals Council from treating physician Martin Smart, M.D., including one that the parties agree formally diagnosed fibromyalgia for the first time. Nonetheless, the Appeals Council denied review, and plaintiff sought review of the ALJ's decision in this court.

The Commissioner argued that any error in failing to include plaintiff's fibromyalgia at Step Two was harmless because the ALJ considered the same symptoms in the RFC by including plaintiff's generalized osteoarthritis. Finding that I could not conclude that the plaintiff's alleged fibromyalgia limitations were the same as those associated with generalized osteoarthritis, I remanded to the Commissioner for consideration of the late-filed opinions and inclusion of fibromyalgia as a medically determinable impairment at Step Two.

Plaintiff, as the prevailing party, subsequently filed the present application (#21) for attorney's fees under the EAJA. The Commissioner opposes the award of fees, arguing solely that its position was substantially justified, and therefore, plaintiff is not entitled to fees under the EAJA.

///

///

**DISCUSSION**

I. **Substantial Justification**

Under the EAJA, a prevailing party is entitled to recover attorneys fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005) (internal quotation omitted). The Government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 562-63 (1988); Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990).

A position is substantially justified if it has a reasonable basis in law and fact. Pierce, 487 U.S. at 565; Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 2443 (2011); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). The question is not whether the government's position as to the merits of plaintiff's disability claim was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Rather, the relevant question is whether the Commissioner's decision to defend the procedural errors on appeal was substantially justified. Id. The government bears the burden

3 - ORDER ON EAJA ATTORNEY'S FEES

of demonstrating substantial justification. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

The Commissioner's regulations plainly permit plaintiff to submit evidence to the Appeals Council after an ALJ has issued a decision. 20 C.F.R. § 404.970(b); Brewes v. Comm'r Soc. Sec. Admin, 682 F.3d 1157, 1162-63 (9th Cir. 2012). Here, the Appeals Council considered the evidence, but concluded the information did not provide a basis for changing the ALJ's decision. The new evidence is part of the administrative record which I reviewed on appeal. As I discussed in my opinion, because the late-filed evidence contained a diagnosis of fibromyalgia, I concluded the Commissioner erred in not considering that evidence and including fibromyalgia as a medically determinable impairment at Step Two and in the rest of the sequential analysis.

The Commissioner's litigating position was that this error was harmless because the ALJ considered the same symptoms and functional limitations in the RFC by incorporating plaintiff's generalized osteoarthritis, citing Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007). This case is plainly distinguishable from Lewis, however.

As I discussed, while Dr. Smart opined that plaintiff had some areas of the body where she experienced pain from both fibromyalgia and osteoarthritis, there were also symptoms that appeared unique to each condition. Even where the alleged pain shared common areas

4 - ORDER ON EAJA ATTORNEY'S FEES

of the body, I could not conclusively determine whether the pain described in the osteoarthritis diagnosis was the same as that in the fibromyalgia diagnosis. Thus, unlike the court in Lewis, I could not conclude that the ALJ accounted for plaintiff's fibromyalgia symptoms in the RFC by incorporating her generalized osteoarthritis symptoms. Therefore, unlike in Lewis, the omission of plaintiff's fibromyalgia at Step Two was not harmless.

Because the distinction between this case and Lewis is clear, I conclude the Commissioner's position was not substantially justified.

## II. EAJA Award

The Commissioner does not dispute plaintiff's counsel's hours worked and hourly rate, and I find them reasonable. Accordingly, plaintiff is awarded $5,004.80.

///

///

///

///

///

///

///

///

///

///

5 - ORDER ON EAJA ATTORNEY'S FEES

## CONCLUSION

For the reasons stated above, plaintiff's Application for Fees Pursuant to EAJA (#21), is GRANTED. Plaintiff is awarded $5,004.80 under the EAJA, subject to any offsets allowed under the Treasury Offset Program as discussed in Astrue v. Ratliff, ___ U.S. ___, 130 S. Ct. 2521 (2010). If there are no such offsets, the check shall be made out to plaintiff's attorney and mailed to plaintiff's attorney's office.

IT IS SO ORDERED.

DATED this 5 day of March, 2013.

Malcolm F. Marsh
United States District Judge

6 - ORDER ON EAJA ATTORNEY'S FEES